By the Court, Monell, J.
We are asked to reverse the order in this case on the ground that the learned justice who tried the action, erred in setting aside the verdict.
The plaintiff had a verdict, and the motion was made by the defendant for a new trial upon the judge’s minutes, under section 264 of the Code. The motion was really upon the ground that the verdict was against the instructions of the court.
There are three grounds upon which the court may entertain a motion upon its minutes to set aside a verdict, and grant a new trial, namely: upon exceptions; for insufficient evidence; or for excessive damages. A verdict contrary to the instructions of the court is not ground upon which a motion for a new trial can be entertained under the section of the Code referred to. But the power to do so, as one of the general powers of the 'court, is probable. A judge sitting at nisi prius has all the power of a judge sitting at special term, and may upon motion set aside the verdict of a jury, when it is in opposition to the law as announced to them from the bench.
I do not think any such power existed prior to the Code. Formerly circuit judges did not, except to a limited extent *394 and under special statutes, sit in banc, and motions for new trials for any reason could only be made to the court in bane. (1 Graham, & Waterman on New Trials, 326, et seq.) But, for the reasons already stated, I am of opinion that a judge may now, while sitting at nisi prius, entertain the motion. • I have failed, however, to discover any ground for disturbing the verdict in this case. The evidence was conflicting upon all the issues, and the jury has found against the defendant. A verdict found under such circumstances will not be set aside.
The rule on this subject is, that if upon the whole evidence a verdict for the plaintiff would be against its clear weight, it is the duty of the court to nonsuit. (Rudd v. Davis, 7 Hill, 529. Ernst v. Hudson River R. R. Co., 24 How. Pr. 97. Shelden v. The Same, 29 Barb. 226. Lomer v. Meeker, 25 N Y. Rep. 361.)
If a nonsuit is -not ordered, and the case is submitted to the jury, their verdict is generally conclusive. It is only where there is so clear a preponderance of evidence as to raise the suspicion that the jury have had an improper bias, that the court will interfere.
I do not think there is any such preponderance in this case. The evidence certainly was very conflicting; yet if the jury, who were the sole judges of the credibility of witnesses, believed the testimony furnished by the plaintiff—and we must of course assume they did—there was enough of it to sustain their verdict. And évón if we should be of a different opinion, and should think the jury erred, we could not, under long settled principles, change their finding.
Perhaps there was no conflict in the evidence that the carpet was somewhat injured in putting down, and that was the only branch of the case on which all the.witnesses agreed, yet the learned justice instructed the jury that if the plaintiff could have repaired it properly, so that it *395 would have been in as good condition as it was when purchased, he ought to have been permitted, within a reasonable time, to have made the repairs. To this there was no exception, .and there was evidence to support the instruction.
The only instruction which the verdict does not follow, is, that if the jury found that the plaintiff had performed the agreement on his part fully, he must have a verdict for the amount claimed; and the verdict was for a less sum.
Perhaps for this difference the court, of its own motion, might have vacated the verdict. But it could not be done on the defendant’s motion, as it was in his favor; and the plaintiff did not complain.
I think the order, granting a new trial, should be reversed.